Milligan, J.,
delivered tbe opinion of tbe Court.
Tbe single question presented in this record, is, whether tbe County Court, in cases of lands sold under its order, bas jurisdiction, after confirmation, to issue a writ of possession to tbe purchaser.
*599 The sale was made on the application of the administrator of Oliva Porter, deceased, whose estate, it appears, was insolvent, and the proceedings conducted under the Statute in the County Court of Robertson County. The defendant, Woodard, became the purchaser, at the Commissioner’s sale, of a house and -lot, near the town of Springfield, in said county; which was then, and is now, occupied by the plaintiff, Emeline Porter.
The Commissioner’s report of sale was confirmed, without exceptions, and the title divested and vested in the purchaser.
Some time thereafter, the purchaser applied to the County Court for a writ of possession, which was issued under the order of the Court, and placed in the hands of the Sheriff, to be executed. Thereupon, the tenant, Mrs. Porter, in possession of the house and lot, brought the writ by certiorari into the Circuit Court; where, upon motion, her petition was dismissed, and she appealed to this Court.
Did the Court properly dismiss the petition? We think not. The case falls within the principle laid down in the cases of Young vs. Shumate, 3 Sneed, 369; Bond vs. Clay et al., 2 Head, 379; and also, Young et al. vs. Thompson, 2 Col., 596.
The jurisdiction of the County Court over the sale of lands, is purely statutory; and, after confirmation, it may give judgment upon the notes and obligations taken in the progress of the cause; and relieve, upon petition, any purchaser or party, or person interested, by opening biddings, setting aside sales, or otherwise, like the Circuit or Chancery Court, in similar cases; but it *600 cannot issue a writ of possession, or exercise any of the .inherent power of a Court of Chancery.
Sections 4204 and 4205, of the Code, do not confer upon the County Courts any new or enlarged jurisdiction in this respect, as was held in the case of Bond vs. Clay, above cited, They are simply, say the Court, declaratory of the law, as it previously existed in regard to the jurisdiction of the County Court upon the subject, without vesting in that tribunal any new or more extended power or authority. The judgment of the Circuit Court must, therefore, be reversed; and this Court, proceeding to render such judgment as the Circuit Court ought to have given, direct that the writ be quashed, and for' nothing held.
Shackelpoed, J., dissenting.